Francis X. Nolan, IV
Attorney ID No.: 018042008
EVERSHEDS SUTHERLAND (US) LLP
1114 Avenue of the Americas
The Grace Building, 40th Floor
New York, New York 10036
Telephone:  (212) 389-5000
Facsimile:  (212) 389-5099
franknolan@eversheds-sutherland.com
*Attorneys for Defendant Shell Oil Company*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

| | |
|---|---|
| JOHN KNOPP, individually and as Administrator Ad Prosequendum on behalf of THE ESTATE OF VIVIENNE KNOPP, a minor,<br><br>                    Plaintiff,<br>v.<br><br>SHELL OIL COMPANY; TAPPAN REALTY, LLC; JOHN AND JANE DOES 1-10 (fictitious individuals); and ABC CORPS. 1-10 (fictitious entities); and PROPERTY OWNERS 1-10 (fictitious entities),<br><br>                    Defendants. | Case No. 2:20-cv-3098<br><br>Jury Trial Demanded<br><br>**NOTICE OF REMOVAL**<br><br>(previously pending in the Superior Court of New Jersey, Law Division: Bergen County, BER-L-008335-19) |

To:   Clerk of the Superior Court of New Jersey
      Law Division: Bergen County
      Deputy Clerk of the Superior Court
      10 Main Street
      Hackensack, NJ 07601-0769

      Nicholas G. Sekas, Esq.
      SEKAS LAW GROUP, LLC
      530 Sylvan Avenue
      Englewood Cliffs, New Jersey 07632

      James M. Turteltaub, Esq.
      Carlin & Ward
      25B Vreeland Road
      Florham Park, NY 07932

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that SHELL OIL COMPANY ("SOC"), by its counsel, hereby gives notice of removal of this action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 from the Superior Court of New Jersey, Law Division, Bergen County, State of New Jersey to the United States District Court for the District of New Jersey. In support of this removal, SOC states as follows:

## FACTUAL BACKGROUND

1. On February 19, 2020, Defendant Shell Oil Company was served with the Summons and Complaint in the State Court Action (as defined below).

2. On December 5, 2019, Plaintiff John Knopp, individually and as Administrator Ad Prosequendum on behalf of the estate of Vivienne Knopp, a minor, filed its Complaint in the Superior Court of New Jersey, Law Division, Bergen County, as an action styled *John Knopp, individually and as Administrator Ad Prosequendum on behalf of the estate of Vivienne Knopp, a minor, vs. Shell Oil Company et al.*, Docket No. BER-L-008335-19 (the "State Court Action").

3. A copy of the Complaint, together with the Summons and Affidavit of Service, and track assignment notice, are attached hereto as **Exhibit A** and constitute all process, proceedings and orders served upon Defendants in the State Court Action. *See* 28 U.S.C. § 1446(a). A copy of the state court docket is also attached hereto as **Exhibit B**.

4. The Complaint asserts several causes of action against Defendants sounding in alleged harm caused by the purported release of environmental contaminants. One of the alleged causes of action is a violation of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601 *et seq*.

5. No responsive pleading has been filed in the State Court Action by Defendants.

6. Tappan Realty, LLC, the other named Defendant in the action, consents to this removal pursuant to 28 U.S.C. § 1446(b)(2)(A). A copy of an email memorializing Defendant Tappan Realty, LLC's consent is attached hereto as **Exhibit C**.

7. Defendant SOC need not obtain the consent of the fictitious defendants prior to removal.

### JURISDICTION BASED UPON FEDERAL QUESTION

8. Under 28 U.S.C. § 1331, federal courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. As described below, this action fulfills the requisite criteria.

9. Jurisdiction is also proper because CERCLA provides that: "the United States District Court shall have exclusive jurisdiction over all controversies arising under this Act, without regard to the citizenship of the parties or the amount in controversy." 42 U.S.C. § 9613(b).

10. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

### GROUNDS FOR REMOVAL

11. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and which may be removed to this Court by SOC pursuant to 28 U.S.C. § 1441(a). Removal is appropriate because Plaintiff has asserted a CERCLA cause of action, which arises under the laws of the United States, and because 42 U.S.C. § 9613(b) provides the federal courts with exclusive jurisdiction over CERCLA matters.

12. Plaintiff alleges that Defendants are responsible parties under CERCLA who have discharged hazardous chemicals and environmental contaminants. *See* Complaint, ¶¶ 23-24. The adjudication of Plaintiff's CERCLA claim involves the resolution of a federal question which, in

addition to the exclusivity mandate of 42 U.S.C. § 9613(b), provides this Court with jurisdiction over this action.

13. This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b)(1) in that it is being filed within thirty (30) days after service on SOC of Plaintiff's initial pleading.

14. Tappan Realty, LLC, the other named Defendant in the action, consents to this removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

15. Venue lies properly in this Court as it is in the district and division thereof in which the State Court Action was pending prior to removal. *See* 28 U.S.C. § 1446(a).

16. SOC will promptly serve Plaintiff with a copy of this Notice of Removal, pursuant to 28 U.S.C. § 1446(d).

17. SOC will promptly file a copy of this Notice of Removal, along with a separate Notice of Filing of Notice of Removal, with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County pursuant to 28 U.S.C. § 1446(d).

## **RESERVATION OF RIGHTS**

18. In filing this Notice of Removal, SOC and consenting Defendant, Tappan Realty, LLC, do not waive, and specifically reserve, all rights as to any and all defenses, exceptions, rights and motions.

## **CONCLUSION**

WHEREFORE, Defendant SOC respectfully requests: (a) that the civil action captioned *John Knopp, individually and as Administrator Ad Prosequendum on behalf of the estate of Vivienne Knopp, a minor, vs. Shell Oil Company et al.*, Docket No. BER-L-008335-19, be removed therefrom and proceed in this Court; (b) that no further proceedings be had in said case in the

Superior Court of New Jersey, Law Division, Bergen County; and (c) that this Court assume full jurisdiction over this action as provided by law.

Dated: March 20, 2020

        Respectfully submitted,

        **EVERSHEDS SUTHERLAND (US) LLP**

    By:    /s/ Francis X. Nolan, IV
           Francis X. Nolan, IV
           Meghana Shah (*pro hac vice* to be filed)
           Sarah Chaudhry (*pro hac vice* to be filed)
           1114 Avenue of the Americas
           The Grace Building, 40th Floor
           New York, New York 10036
           Telephone: (212) 389-5000
           Facsimile: (212) 389-5099
           franknolan@eversheds-sutherland.com
           meghanashah@eversheds-sutherland.com
           sarahchaudhry@eversheds-sutherland.com

           *Attorneys for Defendant Shell Oil Company*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Notice of Removal has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record, on this 20th day of March, 2020. The undersigned further certifies that a true and correct copy of the foregoing Notice of Removal was served by first class mail, postage prepaid, upon the attorneys listed below, on this 20th day of March, 2020:

| | |
|---|---|
| Nicholas G. Sekas, Esq.<br>SEKAS LAW GROUP, LLC<br>530 Sylvan Avenue<br>Englewood Cliffs, New Jersey 07632<br><br>*Attorneys for Plaintiff John Knopp* | James M. Turteltaub, Esq.<br>Carlin & Ward<br>25B Vreeland Road<br>Florham Park, NY 07932<br><br>*Attorneys for Defendant Tappan Realty, LLC* |

/s/ Francis X. Nolan, IV