**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN KNOPP, individually and as *Administrator Ad Prosequendum* o/b/o THE ESTATE OF VIVIENNE KNOPP, a minor,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>SHELL OIL COMPANY, *et al.*,<br><br>　　　　　　　Defendants. | Civil Action No. 20-3098 (SDW) (LDW)<br><br>**OPINION**<br><br><br>December 14, 2020 |

**WIGENTON**, District Judge.

Before this Court is Defendants Shell Oil Company ("Shell Oil") and Tappan Realty, LLC's ("Tappan Realty") (collectively, "Defendants") Motion to Dismiss Plaintiffs John Knopp and Estate of Vivienne Knopp's (collectively, "Plaintiffs") Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Also before this Court is Plaintiffs' Cross-Motion to Remand the case to the Superior Court of New Jersey. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper pursuant to 28 U.S.C. § 1441. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, Count II of Plaintiffs' Complaint will be **DISMISSED** and the remaining claims will be **REMANDED**.

**I.　　BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff John Knopp is the owner of the property located at 113 Paris Avenue in Northvale, New Jersey ("Paris Avenue Property"). (Compl. (D.E. 1-1 at 8–21) ¶ 9.) During the relevant time period, Mr. Knopp lived at the Paris Avenue Property with his ex-wife and children. (*Id.* ¶ 10.)

Mr. Knopp used his yard to plant and grow fruits and vegetables that he and his family consumed on a regular basis. (*Id.*) Mr. Knopp's daughter, Vivienne Knopp, also ingested these homegrown fruits and vegetables. (*Id.*) In 2017, Vivienne Knopp developed a brain tumor, which led to her death on December 5, 2017, at the age of seven. (*Id.* ¶¶ 16, 17.)

Defendant Tappan Realty, a New Jersey company, is the owner of the property located at 408 Tappan Road in Northvale, New Jersey ("Tappan Road Property"). (*Id.* ¶¶ 4, 5, 12.) Defendant Shell Oil, a Delaware corporation headquartered in Texas, uses the Tappan Road Property to operate a gasoline station. (*Id.* ¶¶ 4, 13.) Plaintiffs allege that, through Defendants' "negligence, failure to maintain, [and/or] failure to warn . . . dangerous chemical and environmental contaminants, including MTBE, Benzyne and others, leaked from an underground storage tank and/or otherwise escaped from" the Tappan Road Property and onto the Paris Avenue Property. (*Id.* ¶ 14.) This resulted in, Plaintiffs allege, Vivienne Knopp "consuming tainted food and/or otherwise being exposed to dangerous and hazardous chemicals," leading to her brain tumor and death. (*Id.* ¶¶ 16, 17.)

Plaintiffs filed the instant suit on December 5, 2019, in the Superior Court of New Jersey, Law Division, Bergen County. (*See* D.E. 1 ¶ 2.) Plaintiffs allege violations of the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-23.11, *et. seq.* (Count I); violations of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.* (Count II); wrongful death (Count III); conspiracy (Count IV); negligence (Count V); and punitive damages (Count VI). (Compl. ¶¶ 18–44.) Shell Oil removed the case to this Court with Tappan Realty's consent on March 20, 2020, (*see* D.E. 1 ¶ 6), and Defendants subsequently moved to dismiss Counts I–IV and VI of the Complaint. (D.E. 9.) Plaintiffs opposed and, in doing so, declined to pursue their sole federal claim (Count II) and moved to remand the

2

case to the Superior Court of New Jersey.  (D.E. 19.)  Defendants opposed the Cross-Motion to Remand and asked this Court to grant their partial Motion to Dismiss or, alternatively, dismiss the federal claim and dismiss the remaining claims under 28 U.S.C. § 1367(c).  (D.E. 23.)

## II. LEGAL STANDARD

### A. Motion to Dismiss

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

When considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (discussing the *Iqbal* standard).  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2).  *Iqbal*, 556 U.S. at 679.

### B. Motion to Remand

A civil action brought in state court may be removed to federal court if the federal court has original jurisdiction to hear the matter. 28 U.S.C. § 1441(a). A district court has original jurisdiction over an action when there is either diversity jurisdiction or federal question jurisdiction. *See Cabibbo v. Parsons Inspection & Maint. Corp.*, Civ. No. 09-3213, 2009 WL 3074731, at *3 (D.N.J. Sept. 23, 2009) (citing 28 U.S.C. §§ 1331, 1332). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citations omitted).

Where a case has been removed to federal court on the basis of federal question jurisdiction, a district court may remand the case back to state court when all federal claims have been dropped and only pendent state law claims remain. *See Monk v. New Jersey*, Civ. No. 14-1399, 2014 WL 4931309, at *3 (D.N.J. Oct. 2, 2014) (citations omitted); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). A district court "may decline to exercise supplemental jurisdiction over" pendent state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "The general approach is for a district court to . . . hold that supplemental jurisdiction should not be exercised when there is no longer any basis for original jurisdiction." *See Schaffer v. Twp. of Franklin*, Civ. No. 09-347, 2010 WL 715349, at *1 (D.N.J. Mar. 1, 2010) (quotation and alteration omitted).

### III. DISCUSSION

### A. Violation of CERCLA (Count II)

Although Plaintiffs state in their opposition brief that they "no longer [wish to] pursue[e]" their federal CERCLA claim, (D.E. 19-1 at 2–3), they have not filed (or sought leave to file) an

4

amended complaint under Rule 15 to formally withdraw the claim.[1]  Thus, Plaintiffs' CERCLA claim is still pending and this Court will analyze whether it is properly pleaded.  *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (quotation omitted)).

CERCLA § 107 creates a legal action by which parties who have "undertaken hazardous waste cleanup" can recoup their costs.  *N.J. Tpk. Auth. v. PPG Indus., Inc.*, 197 F.3d 96, 103–04 (3d Cir. 1999); *see* 42 U.S.C. § 9607(a); *Agere Sys., Inc. v. Advanced Envtl. Tech. Corp.*, 602 F.3d 204, 217 (3d Cir. 2010).  "Section 107 of CERCLA assigns liability to four categories of 'potentially responsible parties'" who are liable for "all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe," as well as "any other necessary costs of response incurred by any other person."  42 U.S.C. § 9607(a); *N.J. Tpk. Auth.*, 197 F.3d at 103 (citation omitted).

However, "cost recovery actions under CERCLA are limited to the recovery of past costs actually incurred by the plaintiff."  *New Jersey Dep't of Envtl. Prot. v. Amerada Hess Corp.*, Civ. No. 15-6468, 2018 WL 2317534, at *8 (D.N.J. May 22, 2018) (citations omitted); *see* 42 U.S.C. § 9613(g)(2) (providing that an action may be commenced "for recovery of costs at any time *after such costs have been incurred*" (emphasis added)); *U.S. Virgin Islands Dep't of Planning & Nat. Res. v. St. Croix Renaissance Grp., L.L.L.P.*, 527 F. App'x 212, 214 (3d Cir. 2013) ("We agree that the first item[ized cost] cannot serve as the basis for an action under CERCLA because it was not incurred before a lawsuit was initiated." (citation omitted)).  Here, Plaintiffs allege that they

---

[1] Nor have Plaintiffs filed a notice of voluntary dismissal of the claim under Rule 41(a)(1)(A)(i).  In fact, Plaintiffs' proposed order for the Cross-Motion to Remand contains no mention of a withdrawn or dismissed claim, proposing only that the "Complaint," (presumably in its entirety) be remanded. (D.E. 19-4.)

are seeking to recover their "expected costs of environmental cleanup," (Compl. ¶ 25), but they do not allege that they have already incurred cleanup costs. Because Plaintiffs do not allege that they incurred cleanup costs "before a lawsuit was initiated," *St. Croix Renaissance Grp.*, 527 F. App'x at 214, their CERCLA claim must be dismissed under Rule 12(b)(6).

### B. Remaining Claims (Counts I and III–VI)

Plaintiffs' remaining claims are state law claims over which this Court has supplemental jurisdiction pursuant to 28 U.S. § 1367(a). Under 28 U.S.C. § 1367(c)(3), a federal court "may decline to exercise supplemental jurisdiction" in the event that claims over which it had original jurisdiction are dismissed. Such is the case here, where Plaintiffs' sole federal claim has been dismissed and the parties are not diverse. (*See* Compl. ¶¶ 1, 3, 5 (alleging facts to support that Plaintiffs and Defendant Tappan Realty are citizens of New Jersey)); 28 U.S.C. §§ 1331, 1332(a)(1). In fact, in the Third Circuit, "the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) (emphasis added) (citations omitted). No such justification exists here and this Court will therefore decline to exercise supplemental jurisdiction over the remaining claims.

When a district court declines to exercise supplemental jurisdiction, the court may remand the state law claims or dismiss them without prejudice. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 348–57 (1988); *see also Lancaster*, 45 F.3d at 788 ("While § 1367(c) does not specify what disposition the district court is to make of state claims it decides not to hear, based on the teachings of *Carnegie–Mellon*, . . . in a case that has been removed . . . a remand to [state] court is a viable alternative to a dismissal without prejudice." (citation omitted)). Here, Plaintiffs seek remand of the remaining claims to state court, while Defendants ask this Court to dismiss the

remaining claims without prejudice. (*See* D.E. 19-1 at 3–5; D.E. 23 at 4–9.) In *Carnegie-Mellon*, the Supreme Court opined that "a remand may best promote the values of economy, convenience, fairness, and comity." 484 U.S. at 353 (explaining that "[a]ny time a district court dismisses, rather than remands, a removed case involving pendent claims, the parties will have to refile their papers in state court, at some expense of time and money[, and] the state court will have to reprocess the case, . . . involv[ing] similar costs"). However, the Court also warned that "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the [supplemental] jurisdiction doctrine support a remand in the case." *Id.* at 357.

Here, Plaintiffs did not request to withdraw their federal claim until they opposed Defendants' Motion to Dismiss, more than three months after removal. (D.E. 19-1.) Even then, Plaintiffs did not properly withdraw the claim in accordance with the procedures set forth in Rule 15. In explaining their withdrawal of the claim, Plaintiffs stated only that they did so "upon reviewing the specific facts and circumstances surrounding the subject matter of this litigation," although they did complain that Defendants "remove[d] this matter to Federal Court simply for its higher pleading standard." (D.E. 19-1 at 2.)

Nonetheless, "it does not necessarily follow that seeking remand via claim disclaimer was impermissible forum manipulation." *Dougherty v. A O Smith Corp.*, Civ. No. 13-1972, 2014 WL 3542243, at *17 (D. Del. July 16, 2014), *report and recommendation adopted*, Civ. No. 13-1972, 2014 WL 4447293 (D. Del. Sept. 8, 2014); *see Ortiz v. Univ. of Med. & Dentistry of New Jersey*, Civ. No. 08-2669, 2009 WL 2194782, at *4 (D.N.J. July 23, 2009) ("Plaintiff's voluntary dismissal of her federal claims after good faith litigation of the remand issue is not an unfair manipulation of jurisdiction."). "Although [Plaintiffs'] conduct could be attributable to improper motives, it is

7

equally plausible that [they have] simply made the sensible decision not to pursue a meritless federal claim" following a review of the law and arguments set forth in Defendants' Motion to Dismiss. *Zokaites v. Equifax Info. Servs., LLC*, 2012 WL 993269, at *3 (W.D. Pa. Mar. 22, 2012). Even if it was "impermissible forum manipulation," "such a factor is not dispositive." *Ortiz*, 2009 WL 2194782, at *3. Instead, "an effort by the plaintiff to manipulate the forum should be considered along with other factors in the decision whether to remand," including "principles of economy, convenience, fairness, and comity." *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 233 (3d Cir. 1995) (citation omitted). This Court finds that the applicable factors weigh against requiring Plaintiffs to refile their case in state court.[2] This Court will therefore remand the remaining state law claims to the Superior Court of New Jersey.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiffs' CERCLA claim is **DISMISSED WITHOUT PREJUDICE** and Plaintiffs' remaining claims are **REMANDED** to the Superior Court of New Jersey. An appropriate order follows.

   /s/ Susan D. Wigenton   
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:        Clerk
cc:          Leda D. Wettre, U.S.M.J.
             Parties

---

[2] In one case on which Defendants rely, *Robbins v. City of New York*, the district court opined that the plaintiff's remaining state law claims appeared to be a "marginal case of alleged employment discrimination." 254 F. Supp. 3d 434, 440 (E.D.N.Y. 2017); (*see* D.E. 23 at 6–9). In deciding to dismiss those claims instead of remanding them, the court noted that the "plaintiff should consider whether the case has enough merit to warrant a second filing fee and recommencement." *Id.* This Court is not similarly concerned that the instant matter is frivolous, and notes that Defendants did not move to dismiss Plaintiffs' negligence claim (Count V) under Rule 12(b)(6). Although this Court is not deciding whether Plaintiffs' state law claims are properly pleaded, it sees no reason to require the Plaintiffs and state court to expend additional resources refiling the case.